EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: David Castillo Herrera | Queja 2003 TSPR 59 158 DPR ____ |

Número del Caso: AB-2002-246

Fecha: 16 de abril de 2003

Oficina del Hon. Procurador General:

Lcda. Noemí Rivera De León
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

David Castillo Herrera                    AB-2002-246

PER CURIAM

San Juan, Puerto Rico, a 16 de abril de 2003

La compañía Radio Shack Corporation para Puerto Rico se querelló, por medio de su director regional, ante la Oficina del Procurador General contra el abogado David Castillo Herrera. En su querella, dicha Corporación expuso, en síntesis, que el Lcdo. Castillo Herrera, quien representaba a ocho ex-empleados de la misma que alegaban haber sido despedidos sin justa causa, le había enviado a prácticamente todos los empleados de dicha Corporación en Puerto Rico una comunicación respecto a las reclamaciones por él radicadas, en contra de la referida Corporación,                              en

representación de dichos empleados; ello a pesar de que el Lcdo. Castillo Herrera tenía conocimiento de que la Corporación estaba representada por abogado.

La referida Corporación alegó que la acción, de parte del Lcdo. Castillo Herrera, causó ansiedad y confusión en los empleados de la empresa, afectándose de esa forma la atmósfera de trabajo en la misma. Se adujo, además, que no obstante la representación legal de la Corporación haberle advertido al Lcdo. Castillo Herrera que consideraba que la conducta en que había incurrido era una antiética, el mencionado abogado incurrió, nuevamente, en acciones similares.

El Procurador General, luego de obtener la versión de los hechos de parte del Lcdo. Castillo Herrera, rindió su informe ante este Tribunal. En el mismo expresó que, a su juicio, el Lcdo. Castillo Herrera, al incurrir en la conducta antes mencionada, había violado las disposiciones del Canon 28 de los de Ética Profesional, en el cual se establece que:

> El abogado no debe en forma alguna, comunicarse, negociar ni transigir con una parte representada por otro abogado en ausencia de éste. Particularmente, debe abstenerse de aconsejar o incurrir en conducta que pueda inducir a error a una parte que no está a su vez representada por abogado. 4 L.P.R.A. Ap. IX C.28.

Por otro lado, el Procurador General expresó en dicho informe que, en su criterio, no existía suficiente evidencia para poder concluir que el Lcdo. Castillo Herrera

había violentado las disposiciones de los Cánones 8, 29, 34, 35 y 39 de los de Ética Profesional.[1]

Le concedimos término al Lcdo. Castillo Herrera para que se expresara sobre el informe del Procurador General, lo cual hizo mediante comparecencia de fecha 16 de octubre de 2003. En la misma éste sostiene que no violó las disposiciones del Canon 28 ya que, según alegó, lo único que el mismo prohíbe es el acercamiento personal del abogado a partes, representadas por abogados, con el propósito de obtener ventaja y que, no existiendo prueba de que él hizo los acercamientos a los empleados de la empresa con el propósito de obtener ventaja, no hay violación alguna de su parte. Mediante Resolución, de fecha 17 de enero de 2003, le concedimos término al abogado en controversia "para que nos indique si da por sometido el asunto sin ulterior trámite". Así lo hizo el Lcdo. Castillo Herrera, mediante escrito a esos efectos. Resolvemos.

I

La conducta incurrida por el Lcdo. David Castillo Herrera --a saber, enviar copias de las querellas que él radicara contra la Corporación a prácticamente todos los empleados de Radio Shack en Puerto Rico y comunicarse con supervisores y ejecutivos de dicha Corporación, luego de

---

[1] Canon 8  – Actos Impropios de los Clientes
Canon 29 – Cuestiones Personales entre Abogados
Canon 34 – Instigación o Gestión de Pleitos
Canon 35 – Sinceridad y Honradez
Canon 38 – Preservación del Honor y Dignidad de la
            Profesión

ser apercibido de que podría estar incurriendo en conducta antiética-- no tiene, en nuestro criterio, mucha lógica ni sentido. En este aspecto tendemos a coincidir con la posición de Radio Shack a los efectos de que con toda probabilidad el propósito perseguido por el Lcdo. Castillo Herrera necesariamente tenía que ser el causar desasosiego, ganar adeptos entre los empleados de dicha Corporación y/o exhortarlos a que demandaran a la misma.

Dicha conducta, cuando menos, resulta ser una impropia y poco profesional de parte de un abogado admitido a ejercer la profesión en nuestra jurisdicción, conducta que no estamos en disposición de avalar ni permitir.

Por otro lado, y en lo referente al Canon 28 de Ética Profesional, debe recordarse lo expresado por este Tribunal en *In re* Andréu Ramírez, res. el 20 de diciembre de 1999, 99 TSPR 188, a los efectos de que:

> El propósito del Canon 28 es evitar que los abogados de una parte hagan acercamientos inapropiados y antiéticos a personas debidamente representadas legalmente para obtener ventaja. También tiene por finalidad prevenir que los abogados induzcan a error a personas que carecen de representación legal. De esa manera se salvaguarda tanto el derecho de los litigantes a obtener representación legal adecuada como el privilegio abogado cliente. (énfasis suplido).

No hay duda que las comunicaciones, enviadas por el Lcdo. Castillo Herrera, podían inducir a error a los empleados de Radio Shack, los cuales carecían de representación legal. *In re*: Andréu Ramírez, ante. Por otro lado, y en lo referente al término "parte", debe mantenerse

bien presente lo expresado por este Tribunal en el citado caso de *In re:* Andréu Ramírez, ante, a los efectos de que:

> "a pesar de que constituye un principio básico del derecho corporativo que las corporaciones poseen personalidad jurídica separada de sus directores, accionistas y oficiales, resulta innegable que la realidad funcional de éstas les impide transigir pleitos, comunicarse o hacer negocios si no es pro conducto de las personas naturales que dirigen sus negocios. <u>Por lo tanto, el hecho de que una entidad corporativa sea la parte nominal en una acción judicial, no excluye la posibilidad de que existen personas, por ejemplo, empleados de la corporación, quienes por razón de las funciones que desempeñan y por su autoridad para vincular y para hablar en nombre de la corporación, deban considerarse parte del pleito. Por ende, están incluidos en la prohibición establecida por el Canon 28</u>". (énfasis suplido).

Concluimos, en consecuencia, que la conducta incurrida por el Lcdo. David Castillo Herrera violentó las disposiciones del Canon 28 de Ética Profesional. Atendidas las circunstancias y hechos particulares del caso, entendemos adecuado únicamente <u>amonestar</u> al referido abogado.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

David Castillo Herrera                    AB-2002-246

SENTENCIA

San Juan, Puerto Rico, a 16 de abril de 2003

Por los fundamentos expuestos en la anterior Opinión Per Curiam, la cual se hace formar parte íntegra de la presente, se dicta Sentencia amonestando al Lcdo. David Castillo Herrera por incurrir en conducta violatoria del Canon 28 de Ética Profesional.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo